IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:12-CR-264 TH/KPJ |
| § | |
| SARAH MICHELLE BARTRAM (2) § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 15, 2017, to determine whether Defendant violated her supervised release. Defendant was represented by John Wilson. The Government was represented by William Tatum.

On May 28, 2014, Defendant was sentenced by the Honorable Thad Heartfield, United States District Judge, to a sentence of seventy-four (74) months imprisonment followed by a five (5) year term of supervised release for the offense of Conspiracy to Possess with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine. Defendant began her term of supervision on January 15, 2016.

On April 3, 2017, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 255). On May 5, 2017, the U.S. Probation Officer filed a First Amended Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 268). The First Amended Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall not associate

1

with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (4) Defendant shall refrain from any unlawful use of a controlled substance; (5) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

(6) Defendant shall not leave the judicial district without permission of the Court or probation officer; and (7) Under the guidance and direction of the United States Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

The Petition alleges that Defendant committed the following violations: (1) On April 21, 2017, Defendant was indicted in Bosque County, Texas in the 220th Judicial District Court, bearing Cause Number CR15419, for committing the offense of Murder on February 23, 2017. Defendant is currently in custody of the U.S. Marshals on the original supervision revocation warrent; however, Bosque County Court issued a bond for said offense in the amount of $500,000; (2) On February 18, 2017, Defendant was arrested by Plano Police Department, for committing the offense of Possession of a Controlled Substance-Methamphetamine-4 Grams Less Than 200 Grams, and Tamper with Fabricate Physical Evidence-Alter/Destroy/Conceal. It is noted that the two bags containing methamphetamine in which Defendant possessed were retrieved from Defendant's vagina by staff of Medical Center Hospital of Plano. On February 21, 2017, Defendant was released from custody of the Collin County Detention Center after posting a $7,000 bond. As of the writing of the petition, the charges have been received by the Colllin County District Attorneys Office, and are awaiting grand jury indictment; (3) On February 18, 2017, Defendant associated with persons engaged in

criminal activity, as Rolando Rodriguez, was the driver of the vehicle in which Defendant was a passenger of the aforementioned arrest. Mr. Rodriguez was also arrested this date for Driving While License Invalid/Suspended, and Possession of Drug Paraphernalia (a digital scale and broken pieces of a methamphetamine pipe). Pursuant to the offense report, Defendant identified Mr. Rodriguez as her boyfriend; (4) On January 20, 2016, Defendant submitted a urine specimen which tested positive for marijuana. On January 20, 2016, Defendant admitted to U.S. Probation Officer, both verbally and in writing, to using marijuana on January 16, 2106; (5) In August 2016, Defendant traveled to Colorado without obtaining permission of the Court or probation officer. Pictures of Defendant and her fiancé, Brad Holland, were posted on his Facebook account on August 27, 2016, reflecting their visit to Colorado. On September 14, 2016, Defendant verbally admitted to leaving the judicial district without permission of the Court or probation officer. As revealed via the aforementioned Bosque County Court Indictment, Defendant was present in Bosque County, Texas, on February 23, 2017, as the indictment substantiates her involvement in the offense of Murder. Defendant left the judicial district without permission of the Court or probation officer; and (7) On March 28, 2017, Defendant was unsuccessfully discharged from mental health treatment, as Defendant failed to report for individual counseling as instructed. During September and October 2016, and February 2017, Defendant attended one of four required individual monthly sessions during the month. During November 2016, Defendant attended two of the four required individual monthly sessions. During January 2017, Defendant attended three of the four required individual montly sessions. Defendant scheduled the following counseling dates and failed to report for such on: February 23, 2016, September 23, 2016, March 20, 2017, and March 28, 2017.

At the hearing, Defendant entered a plea of true to Allegation Two. Defendant waived her

right to allocute before the district judge and her right to object to the report and recommendation of the Court. The Court finds that Defendant has violated the terms of her supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the June 15, 2017, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-seven (27) months, with no supervised release to follow, to run consecutively to any other sentence being served. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Carswell, if appropriate.

**SIGNED this 21st day of June, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE